# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| LISA ANICK ST. JEAN | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL NO. 2007-102 |
| v. | ) | |
| | ) | |
| DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

FINCH, J.

    THIS MATTER comes before the Court on a Complaint filed by Petitioner Lisa Anick St. Jean. Respondents filed a Motion to Dismiss the Complaint for Lack of Jurisdiction and Mootness on May 27, 2008. After careful consideration and upon review of the briefs submitted by the parties, the Court issues the following ruling.

### I. FACTUAL FINDINGS

    Born on March 19, 1987, Petitioner is a native of Dominica and a citizen of France. She entered the United States on October 20, 2002 under the Visa Waiver Program and was admitted until January 19, 2003. See March 5, 2004 Notice to Appear, Form I-862. During a class trip to Puerto Rico, an immigration official noted that Petitioner had violated the terms of her entry into the United States. However, she was granted an extension of time to finish High School. See Petitioner's Ex. A.

1

Petitioner overstayed her period of authorized stay and on March 4, 2005, Immigration officials issued a Notice to Appear. See March 5, 2004 Notice to Appear, Form I-862. Although Respondents claim that she was personally served, Petitioner insists that the Notice to Appear was not served on her personally or otherwise. See Petitioner's Memo. in Supp. of Mot. for TRO at 2. She was released on her own recognizance on the same day. See Notice of Custody Determination, Form I-286. On June 29, 2005, the Immigration Judge entered an order of removal against Petitioner. See Petition at ¶ 17. She was ordered removed in absentia. Id.

Removal proceedings were reopened on March 28, 2006 and Petitioner was scheduled for a master calendar hearing. See Notice of Hearing in Removal Proceedings, Respondents' Ex. 3. On July 14, 2006, the United States Department of Homeland Security ("DHS") filed a motion to terminate proceedings as improvidently begun. See Order of the Immigration Judge, Form EOIR 35-6T. In its motion, DHS indicated that Petitioner would be removed from the United States pursuant to Section 217 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1187. A second hearing was held on July 31, 2006 and the Immigration Judge determined that the court had no jurisdiction. Id. The Immigration Judge terminated proceedings as improvidently begun. Id. Petitioner reserved her right to appeal but no appeal was filed.

On September 28, 2006, United States Immigration and Customs Enforcement ("ICE") issued a Notice of Intent to Deport to Petitioner for violating the terms of her admission under INA § 217, 8 U.S.C. § 1187. See Notice of Intent to Deport, Respondents' Ex. 5. Petitioner alleges that, through her counsel, she negotiated an agreement with ICE agent David Levering permitting Petitioner to depart the United States by voluntary departure. According to Petitioner, the negotiations were conducted, an agreement was reached and agent Levering confirmed that Petitioner had been granted voluntary departure. See Petitioner's Memo. in Supp. of Mot. for

2

TRO at 3. However, an Order of Deportation was issued against Petitioner and placed in her file. See Order of Deportation, Respondents' Ex. 6.

Petitioner reentered the United States on March 31, 2007 to attend the funeral of her brother. She was admitted by United States Customs and Border Protection for a 90-day period, expiring August 29, 2007, under the visa waiver program. Petitioner has applied to receive immigration benefits pursuant to I-130 and I-485 petitions filed on her behalf. She claims that, due to the deportation order which was improvidently and surreptitiously placed in her file, Respondents have refused to grant Petitioner the benefits by adjusting her status while she is present in the United States. See Petitioner's Memo. in Supp. of Mot. for TRO at 3. Petitioner insists that Respondents unlawfully procured the order of deportation and refuse to rectify the record. Id. On August 23, 2007, Petitioner filed a Petition for Declaratory Judgment, Writ of Mandamus and Injunctive Relief. The following day, Petitioner filed a Motion for a TRO. On August 28, 2007, the Court issued an Order requesting that both parties file a memorandum concerning the Court's subject matter jurisdiction in this matter. The Court heard oral arguments on June 18, 2008.

## II. STANDARD OF REVIEW

The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005) ("REAL ID Act"), signed into law on May 11, 2005, made several significant amendments to the INA. See Khouzam v. Hogan, 497 F. Supp. 2d 615, 620 (D. Pa. 2007); 8 U.S.C. § 1252. The REAL ID Act makes major rearrangements of the jurisdictional structure for review of proceedings for the

removal of aliens from the United States. Under the Act, a petition for review in the appeals court is the exclusive means for judicial review of a removal order.[1]

The REAL ID Act expressly eliminates district court review of removal orders under 28 U.S.C. 2241 and channels claims into petitions for review in the circuit courts. Martinez-Rosas v. Gonzales, 424 F.3d 926, 928-29 (9th Cir. 2005). By channeling review to the courts of appeals, Congress sought to streamline what it saw as "bifurcated and piecemeal" review of orders of removal. See H.R. Conf. Rep. No. 109-72, at 173-75 (2005). Thus, it limits direct review of removal orders to the court of appeals and adopts explicit statutory preclusions of habeas corpus.[2] 8 U.S.C. § 1252(a)(5); see Gerald L. Neuman, On the Adequacy of Direct Review After The REAL ID Act of 2005, 51 N.Y.L. Sch. L. Rev. 133, 134 (2006). The Act does not preclude habeas review over challenges to detention that are independent of challenges to removal orders. See Kumarasamy v. AG of the United States, 453 F.3d 169, 172 (3d Cir. 2006); Zhou v. Kane, 2007 U.S. Dist. LEXIS 39171 at *7-8 (D. Ariz. 2007); see also Hernandez v. Gonzales, 424 F.3d 42 (1st Cir. 2005) (concluding that the jurisdiction-stripping provisions of

---

[1] 8 U.S.C. § 1252(a)(5), regarding the exclusive means of review of orders of removal, states that, "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code [28 USCS § 2241], or any other habeas corpus provision, and sections 1361 and 1651 of such title [28 USCS §§ 1361 and 1651], a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code [28 USCS § 2241], or any other habeas corpus provision, sections 1361 and 1651 of such title [28 USCS §§ 1361 and 1651], and review pursuant to any other provision of law (statutory or nonstatutory)."

[2] 8 U.S.C. § 1252(b)(9), regarding the consolidation of questions for judicial review, states that, "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title [8 USCS §§ 1151 et seq.] shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code [28 USCS § 2241], or any other habeas corpus provision, by section 1361 or 1651 of such title [28 USCS § 1361 or 1651], or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact."

the REAL ID Act do not apply to petitions challenging only petitioner's detention rather than his removal when no administrative order had issued).

### III. DISCUSSION

#### A. Mootness

To the extent that Petitioner seeks relief from Respondents relating to the United States Customs and Immigration Services ("USCIS") previous denial of her adjustment of status, the Court finds that such claims are moot. On November 25, 2005, Petitioner's stepfather, Andrea Placide Poleon, filed a Form I-130 Petition for Alien Relative ("I-130") on Petitioner's behalf in an effort to adjust her status. Petitioner also simultaneously filed a form I-485 Application to Register Permanent Resident or Adjust Status ("I-485") with the Form I-130.

On or around June 6, 2007, Petitioner's I-130 and her corresponding file was reviewed by USCIS officer Lorelie Connor. Connor discovered that Petitioner's stepfather married Petitioner's mother on June 8, 2005, which was after Petitioner turned eighteen. Consequently, Petitioner's I-130 could not be granted because her stepfather was not a qualified sponsor. Petitioner's I-485 also could not be approved since the underlying petition – Petitioner's I-130 – could not be approved. On May 20, 2008, Petitioner's I-130 and I-485 were denied. See Denial of Petitioner's I-130 and I-485.

Petitioner's counsel does not contest and in fact conceded at the hearing held on June 18, 2008 that Petitioner's I-130 and I-485 were properly denied on the basis that her parents' marriage took place after her eighteenth birthday. As Petitioner's I-130 and I-485 petitions were adjudicated and subsequently denied for reasons independent of the order of deportation placed

5

in her file, any relief requested by Petitioner relating to the previous denial of her adjustment of status has been rendered moot.

Respondent seeks dismissal of the entire case because the relief requested in Counts I, II, and III of Petitioner's Complaint concern her adjustment of status. See Respondent's Reply in Supp. of Mot. to Dismiss at 2 (Docket No. 42). Count I of the Petition alleges, in part, that Petitioner "is being denied adjustment of status on the premise of an unlawful deportation contrary to the policy of Immigration and Naturalization Services." See Petition at ¶ 35. Count II of the Petition asserts that Petitioner should be granted injunctive relief, as "Petitioner has the right to remain in the United States and have her status adjusted here." See Petition at ¶ 53. Petitioner seeks a writ of mandamus in Count III of the Petition, alleging that the Respondents "have refused to take action to adjust the status of the Petitioner pursuant to the I-130 / I-485 petition filed on her behalf by her step-father, Andrea Poleon." See Petition at ¶ 59.

Although Petitioner's Complaint does not set forth an independent count regarding the removal order that is separate and distinct from her adjustment of status claims, the Court must construe Plaintiff's Complaint liberally. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (finding that court must liberally construe complaint in plaintiffs' favor) (citing Fed. R. Civ. P. 8(f) and Conley v. Gibson, 355 U.S. 41 (1957)). The Court must take all of the well pleaded allegations as true and construe the Complaint in the light most favorable to Petitioner. Colburn v. Upper Darby Township, 838 F.2d 663, 665 (3d Cir. 1988), see Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989); Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988); Haymond v. Lundy, 2000 U.S. Dist. LEXIS 8585 at *1-2 (E.D. Pa., June 22, 2000); see also Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987) (holding that all reasonable inferences are drawn in plaintiff's favor).

The underlying subject matter of this case involves the order of removal placed in Petitioner's immigration file and it is evident that she seeks review of such order.  In her Complaint, Petitioner explicitly states that this is an action "to determine the rights and obligations of the parties based on the fact that the record of Petitioner's deportation is inaccurate, as the procedure for deportation was unlawful" and requests that a correction be made to "the inaccuracy in Petitioner's file to comply with the agreement reached with the Petitioner."  See Verified Petition at 1-2, ¶ 2.  Additionally, ¶ 48 of Petitioner's Complaint states that "a declaration that the Petitioner was not lawfully deported does not undermine or subserve the public interest" and ¶ 62 states that "[t]he Respondents will continue to refuse to remove the unlawful and inaccurate order of deportation from the Petitioner's file if not commanded to do so by order of this court." Id. at 7, 8.

Although Petitioner's claims concerning USCIS's previous denial of her adjustment of status are moot, the Court finds that the Complaint is at least partially based on the propriety of her deportation procedure and removal order.  Therefore, the Court must determine whether it has subject matter jurisdiction over such claims relating to Petitioner's immigration record.

### B.  Subject Matter Jurisdiction

Petitioner claims that she is entitled to relief because an "improper and fraudulent" order of deportation was entered against her.  She urges the court to retain jurisdiction of this matter, because "the substance of Petitioner's claim for relief in this court was predicated on the fact that the Department of Homeland Security, through the actions of its agents breached an agreement with the Petitioner and unlawfully manipulated the Petitioner's immigration file to inaccurately reflect that the Petitioner had been deported."  See Petitioner's Opp. to Motion to Dismiss at 2

7

(Docket No. 41). Petitioner seeks a Declaratory Judgment stating, in part, that the record of her deportation is inaccurate because the procedure for deportation was unlawful, a Writ of Mandamus commanding Respondents to correct her record, and Injunctive Relief to prevent her removal from the country. See Verified Petition at 1-2 (Docket No. 1). On its face, Petitioner's Complaint appears to challenge the order of removal, a challenge that would not fall within this Court's jurisdiction. See 8 U.S.C. § 1252(b)(9).

This case is distinguishable from the cases of Kumarasamy and Madu v. United States Atty. Gen., 470 F.3d 1362, 1365-68 (11th Cir. 2006), as the petitioners in both those cases contested the very existence of an order of removal. In Kumarasamy, 453 F.3d at 172, an alien disputed his removal from the country because he claimed that he never received notice of his deportation. The court stated that "Kumarasamy is not seeking review of an order of removal. Rather, he claims that his deportation was illegal because there was no order of removal." In Madu, 470 F.3d at 1365, the petitioner left the country by voluntary departure before the order of removal became operative and the petitioner alleged no removal order had been issued. The court found that the REAL ID Act did not apply, explaining that "the question presented by Madu's habeas petition is whether there is a removal order at all, which, as the Third Circuit explained in Kumarasamy, is a different question than whether an extant removal order is lawful." Id. at 1367; see Nnadika v. AG of the United States, 484 F.3d 626, 629 (3d Cir. N.J. 2007).

In this case, the actual existence of a removal order as a document received by Petitioner is not in doubt. Rather the legal efficacy of it is challenged. Petitioner admits that there is an existing removal order against her and expressly states throughout her Petition and Memorandum that her Petition is "based on an order of deportation that was fraudulently and improvidently

8

placed in Petitioner's immigration file." See Petitioner's Memo. in Supp. of Court's Jurisdiction at 1-2; see also Petition at ¶¶ 35, 37. Essentially, Petitioner seeks judicial review of the removal order and the Court lacks jurisdiction to entertain Petitioner's underlying Complaint because 8 U.S.C. § 1252(a)(5) deprives the Court of jurisdiction. See Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005); Francois v. Gonzales, 448 F.3d 645, 647 (3d Cir. 2006); Lopez v. AG of the United States, 196 Fed. Appx. 56, 58 (3d Cir. 2006).

The sole and exclusive means for Petitioner to challenge her removal order is through a petition for review in the Third Circuit. 8 U.S.C. § 1252(b)(9); see Toussaint v. Attorney General, 455 F.3d 409, 412 n.3 (3d Cir. 2006); see also Jordon v. Attorney General, 424 F.3d 320, 326 (3d Cir. 2005) ("[T]he Act expressly eliminated district courts' habeas jurisdiction over removal orders"); Duvall v. Attorney General, 436 F.3d 382, 386 (3d Cir. 2006) ("The sole means by which an alien may now challenge an order of removal is through a petition for review directed to the court of appeals"). Therefore, the Court must determine whether it is appropriate to transfer the case to the United States Court of Appeals for the Third Circuit to be treated as a "Petition for Review."

### C. Transfer to Cure Want of Jurisdiction

A federal court's lack of jurisdiction does not preclude the court from transferring a case if the transferee court would have subject matter jurisdiction. Godwin v Sec'y of HUD, 356 F3d 310 (2004). Whenever a civil action or an appeal, including a petition for review of administrative action, is filed in a court and that court finds that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other court in which the action or appeal could have been brought at the time it was filed. 28 U.S.C.S. § 1631; see

9

Kolek v. Engen, 869 F.2d 1281, 1284 (9th Cir. 1988). Although it refers to transfer of "civil action," not "claims," 28 U.S.C.S. § 1631 permits the transfer of fewer than all claims in an action. United States v County of Cook, 170 F3d 1084 (1999) (finding that 28 USCS § 1292(d)(4)(A) clearly recognizes that transfer of action under 28 USCS § 1631 may be granted in whole or in part); see also Carter v. United States, 62 Fed. Cl. 365, 370 (Fed. Cl. 2004) (holding that 28 USCS § 1631 permits transfer of less than all of claims in action). The action or appeal shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it is transferred. 28 U.S.C.S. § 1631.

As explained in Part B above, the Third Circuit Court has jurisdiction to hear appeals of final orders of removal. 8 U.S.C. § 1252(b)(9). However, a petition for review must be filed not later than thirty (30) days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1)[3]; see also Paul v. INS, 348 F.3d 43, 45 (2d Cir. 2003) (noting that INA establishes thirty-day period in which petition for review must be filed). In this case, Petitioner challenges the Order of Removal issued on September 28, 2006 and placed in her immigration file. She filed her Complaint in this Court on August 23, 2007, long after the thirty day deadline for filing a petition for review of her removal order had passed, and she offers no excuse for her untimely filing. Because the statute of limitations period for a petition for review had lapsed prior to Petitioner's filing her case with this Court, her petition would not have been timely if filed in the proper court. See Kolkevich v. Attorney General, 501 F.3d 323, 337 (3d Cir. 2007). As a result, this case does not satisfy the statutory requirements for transfer under 28 U.S.C.S. § 1631. See De Ping Wang v. Dep't of Homeland Sec., 484 F.3d 615, 616 (2d Cir. N.Y. 2007).

---

[3] Section 1252(b)(1)'s 30-day time limit was established by Congress in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C, § 306(a)(2), 110 Stat. 3009-546, 3009-607 (1996).

Under the circumstances of this case, the Court finds that transfer is not appropriate because Petitioner's action could not have been brought in the Third Circuit Court of Appeals since it was untimely. See 8 U.S.C. § 1252(b)(1); see also Easy v. AG United States, 2007 U.S. App. LEXIS 24147 at *3 (3d Cir. Oct. 15, 2007) (finding that district court was clearly within bounds of its discretion in refusing to transfer case to circuit court because petition for review was not timely); Malvoisin v. INS, 268 F.3d 74, 75-76 (2d Cir. 2001) (noting that untimely petition for review will deprive circuit court of jurisdiction); Acevedo-Carranza v. Ashcroft, 371 F.3d 539, 543 (9th Cir. Cal. 2004) (finding that transfer of case involving petition for review from district court to circuit court was inappropriate under 28 U.S.C. § 1631 because petition for review would not have been timely in circuit court on date that petitioner filed case in district court). Neither this Court nor any other court has jurisdiction over Petitioner's claim. Therefore, the Court dismisses Petitioner's Complaint in its entirety.

## IV.     CONCLUSION

To the extent that Petitioner seeks relief from Respondents relating to the USCIS's previous denial of her adjustment of status, the Court finds that such claims are moot. Petitioner's I-130 and I-485 petitions were denied for reasons independent of the order of deportation placed in her file and she is not entitled to any relief relating to the previous denial of her adjustment of status. Pursuant to the REAL ID Act, the Court lacks subject matter jurisdiction over Petitioner's claims concerning the propriety of her Order of Removal or Deportation. Additionally, the Court finds that transferring this case is not warranted because Petitioner could not have brought her appeal directly to the Third Circuit Court of Appeals at the time of filing her action in this Court. For the reasons stated herein, the Court dismisses

Petitioner Lisa Anick St. Jean's Complaint due to mootness and lack of subject matter jurisdiction.

**ENTERED this 23rd day of July, 2008.**

                                                /s/
                         **HONORABLE RAYMOND L. FINCH**
                         **U.S. DISTRICT JUDGE**